TORRES, APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Dominion Title.

No. 488.—Decided April 26, 1921.

RECORD OF TITLE—DOMINION TITLE—CONSOLIDATION OF PROPERTIES—INCURABLE DEFECT.—If the registrar could not record the judgment of a district court establishing the dominion title to a property of 201 acres formed by the consolidation of a parcel of 35 acres acquired by the husband by inheritance and of other parcels acquired by purchase by the community because a consolidation of properties of a different juridical character is not recordable, such a defect is not cured by a deed wherein the spouses repudiate the consolidation and describe separately the property of 35 acres and the property composed of the other parcels for the purpose of having them so recorded.

The facts are stated in the opinion.
*Mr. V. Polanco de Jesús* for the appellant.
The respondent did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

Ramón Torres Ortiz brought proceedings in the District Court of Ponce to establish his dominion title to a property of 201 acres of land which he had acquired in various parcels, one parcel of 35 acres having been inherited from his parents and the others having been purchased from different persons during his wedlock with Adelfa Valdcsía. Judgment having been entered establishing his dominion title to the property of 201 acres and ordering its record in the corresponding registry of property, a certified copy of the said

judgment was presented to the Registrar of Caguas accompanied by a certified copy of a public instrument executed by the two spouses in Cayey on January 15, 1921, before notary Benigno Fernández García, wherein they stated that as the Registrar of Property of Caguas had refused to record the said dominion title judgment because it involved the consolidation of properties of different juridical characters, that is, community property and separate property of one of the spouses, and that decision had been affirmed by the Supreme Court, in order that the dominion title judgment may be recorded they renounced the consolidation. Then after giving the description of the property of 201 acres as it appeared in the dominion title judgment, they described the property of 35 acres inherited by the husband and the other property of 166 acres formed by the several parcels purchased during wedlock.

With these documents before him the registrar refused to record the dominion title judgment " * * * because it appears that a part of the property was acquired by inheritance and part as community property, they being therefore properties of a different juridical nature which can not be consolidated. * * * ." This decision was appealed from by Ramón Torres Ortiz.

As we held on December 15, 1919, Mr. Justice Hutchison dissenting, in the appeal taken by the same Ramón Torres Ortiz from a decision of the Registrar of Caguas, 27 P. R. R. 846, that the judgment entered by the District Court of Ponce establishing his dominion title to a property of 201 acres of land could not be recorded because a part of it was acquired by inheritance and another part by purchase during his wedlock with Adelfa Valdesía, the titles being of different juridical characters, the refusal to record now appealed from shows that the registrar was of the opinion that the statements made by the said spouses in the notarial instrument which accompanied the dominion title judgment do

not remove the defect which formerly prevented its record; therefore that is the only question to be considered in this appeal. But we have not before us any brief of the registrar and the appellant's attorney only states, without argument, that on the strength of the notarial instrument the registrar should have recorded the two properties therein described, inasmuch as it corrected the defect which the registrar and the Supreme Court found in the dominion title judgment.

We are of the opinion that the registrar acted correctly in refusing to record the dominion title of Ramón Torres to the property of 201 acres, because that judgment not being recordable, as we have held in proceedings between the same parties, the statements made in the notarial instrument presented to the registrar that the appellant is the separate owner of a property of 35 acres and the community with his wife is the owner of another property of 166 acres, are not sufficient in law for recording two different properties instead of the one property of 201 acres to which the judgment refers, for not only are the parties themselves not permitted to change the terms of a judgment, but also the judgment refers to the dominion title to one property while it is sought to record in the name of the appellant and by virtue of the said notarial instrument the dominion titles to two properties, when the document required by article 395 of the Mortgage Law for obtaining the record of properties to which there are no written titles of ownership is not such an instrument, but a judgment entered in proceedings as authorized and governed by said article.

The decision appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Del Toro and Hutchison concurred.